**81 So.2d 707**

## Margaret Cravath WARDEN et al.

### v.

## Eunice Grace PORTER et al.

### No. 41824.

May 23, 1955.

Rehearing Denied June 30, 1955.

Bullock & Bullock, Shreveport, for appellants.

Cook, Clark & Egan, Shreveport, for appellees.

FOURNET, Chief Justice.

The plaintiffs, Margaret Cravath Warden, Ora Cravath Barker, and Vera Cravath Marley, children of Oren D. Cravath and Gertrude Wilcox Cravath, both deceased, having instituted this suit against their sister, Eunice Grace (Cravath) Porter,[1] to have annulled and set aside a deed from the

1. Also made nominal parties defendant are the three remaining children of Mr. and Mrs. Cravath, namely, Lewelyn W.

Cravath, Dana Cravath and Edna Cravath, who did not join with the plaintiffs in this suit.

parents to the defendant covering an undivided half interest in approximately 200 acres of land in Caddo Parish, on the ground that the transfer was a simulation, made for no consideration at all, or, alternatively, a disguised donation, the price being below one-fourth the actual value of the property, are appealing from the judgment of the District Court rejecting their demands and dismissing their suit.

The deed under attack, authentic in form, bears the date of January 20, 1942; the consideration therein expressed is $1,685 cash, which the defendant admits was not paid at the moment of sale but which she averred had at that time already been paid, since it was the total of various amounts of cash which had been advanced by her to her parents from time to time beginning in 1933, and acknowledged by them in an itemized statement bearing the same date as that of the sale. Further answering, the defendant showed that the execution of the deed in question was only part of a plan to relieve her parents of debt, they being at the time past seventy years of age and in bad health; that their homestead, a farm comprising some 410 acres, at the end of the year 1941 was burdened with a mortgage on which there was a balance due of some $3,058, and

that the parents, desiring to clear the home place of debt and also to repay her brother Lewelyn and herself for the advances made to them over a period of years, Lewelyn to the extent of approximately $5,000 and her own advances to that date of $1,625 (a total indebtedness of $9,683), made alternative suggestions to their seven children whereby (1) Lewelyn was to take the north half of the place in settlement of his $5,000 loan, the defendant and her husband were to take the south half of the place in satisfaction of the $1,625 advanced by her plus the assumption of the outstanding mortgage notes by her husband; or (2) each child not already a creditor was to pay his proportionate share of the indebtedness, after which each would own an undivided one-seventh interest in the land; but that in as much as the remaining children were not interested in the second plan, the first proposal was put into effect by execution of three deeds[2] in each of which there was reserved to the vendors an undivided half interest in the minerals and the right to live on the land for the remainder of their lives.

The defendant therefore contended that the deed here assailed was executed and delivered for a serious consideration, which was actually paid[3] and which represented

2. One deed in that here attacked, conveying to the defendant an undivided half interest in the south half of the property; a second transferred to defendant's husband, Noel Duke Porter, in consideration of his assumption of the mortgage, an undivided half interest in the same tract conveyed to his wife; and a third conveyed to Lewelyn Cravath the north 200 acres of the farm. The second and third deeds are attacked in separate suits, now pending.

3. The record discloses that Mr. and Mrs. Cravath lived on the farm until their deaths in 1950 and 1951, respectively; also, that the mortgage indebtedness was paid by the defendant and her husband.

the fair market value of the property at the time of the sale. In the alternative, the defendant, assuming the position of plaintiff in reconvention, claimed that the plaintiffs were indebted to her for their proportionate share of the moneys advanced to her parents subsequent to the date of the sale up to their deaths, totaling $4,522.61, and supported by an itemized statement attached to the answer.

The district judge, having admitted over plaintiffs' objection (that it would alter or vary the deed) parol testimony to support the allegations of the answer, expressed the opinion that those allegations were amply proved and that there was "much written evidence in the record which abundantly corroborates and supports the defense and the parol testimony presented by defendants." Having found therefore that the conveyance was "certainly not a simulation made for no consideration at all," the district judge rejected the plaintiffs' claim that it was a disguised donation for a consideration below one-fourth of the actual value of the property for the reason that the plaintiffs had "completely failed to establish this," and concluded "that the property conveyed by the Cravath parents to Mrs. Por-

ter, to her husband, and to Lewelyn Cravath, the son, was substantially equivalent in value to the considerations expressed in the three instruments."

We think that the record contains clear and convincing evidence to support the trial judge's ruling that as of the date of the sale to the defendant, the parents owed her the amount therein recited as consideration, and therefore the transaction was not a simulation, as well as his holding that the plan adopted was a consummation of the parents' desire to free themselves of their obligations and that the consideration recited in the deed was substantially the value of the property received, bearing in mind that the defendant acquired only a half interest subject to the usufruct reserved to the parents for the remainder of their lives and half of the minerals under the interest transferred.[4]

The appellants are reurging here that the defendant could not offer parol evidence to prove the agreement between the parents on the one hand and the defendant, her husband, and Lewelyn Cravath on the other, because to do so violates Article 2276 of the LSA–Civil Code[5] and the jurispru-

---

4. In the course of his Reasons for Judgment the trial judge drew attention to the fact that the total of the considerations expressed in the two deeds to the defendant and her husband represented approximately $23.73 per acre for the interest conveyed; he stated that the evidence showed the fair market value of the property at the time of the sale was $25 or $30 an acre, and expressed the view that, taking into account the mineral reservation and the right of use and habitation retained by the parents, "the consideration paid by the vendees was a fair equivalent of the property conveyed."

5. "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

dence thereunder; and counsel contend that the application of Article 1900 of the Code [6] to the case of a contract for the sale of real estate (which Article was applied by the District Court) is error, citing Robinson v. Britton, 137 La. 863, 69 So. 282.

No useful purpose would be served by entering into an analysis of the numerous cases cited by the appellants and supporting the well settled rule of law which makes an authentic act full proof as against the contracting parties litigating inter sese, since those cases are clearly inapplicable under the facts here; and the case of Robinson v. Britton, supra, while it contains language which, taken alone, appears to support appellants' contention, is nevertheless merely an application of the general rule, as is shown by the syllabus, prepared by the Court and declaring that "In the absence of allegation of error, fraud, violence, or threats, in giving or obtaining consent to a sale of real estate by authentic act for a stated price in cash, which the act recites was paid and received, parol evidence is inadmissible, as between the parties, to annul the title so vested, and show that the real contract was an oral one, whereby the parties agreed to exchange tracts of land, and that, after plaintiff had conveyed his tract to defendant, defendant refused to comply with his part of said oral contract by conveying his tract to plaintiff."

The identical issue raised by counsel for the plaintiffs was considered in the case of Citizens Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822, 824, a suit to have declared void, as a simulation, an act of sale executed by a mother to her son for a recited cash consideration of $3,000. There we held that parol evidence was admissible to show the real consideration, i. e., the agreement between the mother and son that $3,000 was fair value for the son's agreement to support his mother during one-half of each year for her life; and particularly appropriate to the present case is the language that "in the case at bar there was no effort made to prove a different or dissimilar contract in nature; on the contrary, the evidence was intended to maintain the contract and to show the real consideration." See, also, Jackson v. Miller, 32 La.Ann. 432; Dickson v. Ford, 38 La.Ann. 736; Landry v. Landry, 40 La.Ann. 229, 3 So. 728; Linkswiler v. Hoffman, 109 La. 948, 34 So. 34; Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So. 904; Cleveland v. Westmoreland, 191 La. 863, 186 So. 593.

Lastly, counsel contend that the deed was a dation en paiement because made exclusively in satisfaction of a debt, but null because there was no delivery of the property, under the requirement of Article 2656 of the LSA–Civil Code declaring that " *   *

6. "If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invali-

dated, if the party can show the existence of a true and sufficient consideration."

giving in payment is made only by delivery." [7]

■ This contention is entirely without merit, for Article 2479 of the LSA–Civil Code expressly declares that "The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property * *," and in Succession of Curtis, 156 La. 243, 100 So. 412, this Court, in disposing of the contention that *actual* delivery is necessary to perfect a giving in payment, quoted approvingly from the early case of Brown **v.** Brown, 30 La.Ann. 966, which held that "The delivery of immovables, where they are disposed of by public act, is always considered as accompanying the act, whether that act be a sale, or a dation en paiement." While it is true that in the instant case the parents did continue in possession of the property, they did so in the capacity of usufructuaries under the specific provision of the act transferring title to the defendant. Cf. Jaubert **v.** Quilter, 48 La.Ann. 244, 19 So. 279.

For the reasons assigned, the judgment appealed from is affirmed.

7. The previous article of the LSA–Civil Code, Art. 2655, defines the giving in payment as "an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due." Article 2656 then provides: "That giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery."