For the reasons assigned the judgment appealed from is affirmed.

93 So.2d 217

Mrs. Emma WEEMS et al.

v.

Mrs. Marie MEDAK et al.

No. 42773.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Theus, Grisham, Davis & Leigh, Monroe, for defendants-appellants.

Dhu and Lea S. Thompson, Monroe, for plaintiffs-appellees.

HAMITER, Justice.

In this nullity action Mrs. Emma Weems, widow of William R. Weems, deceased, and five of her six children (born of that union) are attacking certain recorded instruments affecting an 80-acre tract of land described as the W½ of NW¼, Section 21, Township 18 North, Range 1 East, Ouachita Parish. Made defendants are Mrs. Marie Weems Medak (the sixth child), John W. Adkins (her mineral lessee), and Stanolind Oil and Gas Company (assignee of the Adkins' lease).

Initially, the property was acquired in the name of Mrs. Emma Weems through a credit deed, dated September 15, 1923, in which her husband (William R. Weems) appeared to authorize the purchase. Thereon the couple made their home until the marriage of Marie Weems (their youngest daughter and a defendant herein) to P. J. Medak, at which time (in the fall of 1941) they moved to West Monroe and shared a dwelling with Mr. and Mrs. Medak. They returned to the 80-acre tract in the spring of 1942 when Mrs. Medak and her husband left West Monroe for the duration of the baseball season, he being a professional baseball player. Subsequently, in the fall of 1942, they again went to West Monroe to live with their daughter and son-in-law. Mr. Weems died there in 1946, and for some time thereafter Mrs. Weems continued to reside with Mrs. Medak.

Meanwhile, on April 3, 1945, Mrs. Weems executed a deed purportedly transferring the involved land to Mrs. Medak, but retaining all mineral rights thereto. In the instrument Mr. Weems appeared "to aid and authorize his said wife". Subsequently, on May 4, 1951 (after the death of her husband), Mrs. Weems sought to convey

by deed to Mrs. Medak all of the reserved minerals in the tract. And on July 13, 1954 Mrs. Medak granted a lease affecting those minerals to John W. Adkins which he later assigned to the defendant Stanolind Oil and Gas Company.

This suit was instituted on November 15, 1954 by Mrs. Weems and the sisters and brothers of Mrs. Medak to have annulled the land conveyance instrument of April 3, 1945 and the mineral deed of May 4, 1951, both of which were executed in favor of the latter. The attack is grounded on the allegations that the transfers were without any consideration and constituted attempted donations which prejudiced the rights of forced heirs and left nothing to Mrs. Emma Weems for her subsistence. Plaintiffs also prayed to have set aside the lease granted by Mrs. Medak to Adkins, along with his assignment to Stanolind Oil and Gas Company, in order that their ownership will appear free and clear of those encumbrances.

The district court rendered a judgment on the merits which set aside the conveyances, as prayed for; it recognized Mrs. Weems to be the owner of a one-half interest in the land, but subject to the lease executed by Mrs. Medak to Adkins and assigned by him to Stanolind Oil and Gas Company; and it recognized the six children (the other plaintiffs and Mrs. Medak) as the owners

of the remaining one-half interest (each having an undivided one-twelfth interest in the entire tract) free and clear of the lease. The judgment additionally reserved to Mrs. Medak the right to demand an accounting from all plaintiffs for taxes and other expenses incurred in connection with the property and an accounting from the mother for expenses incurred in her behalf.

Both plaintiffs and defendants appealed from the judgment. However, as stated in the brief of counsel for the former, "Plaintiffs were granted a devolutive appeal with reference to the judgment which held that the oil and gas lease was good on an undivided half interest in the land, but have filed a formal disclaimer as appellants without prejudice to their rights as appellees, and appear herein as appellees only."

The defendants first reurge here their exceptions of no right and no cause of action which were overruled by the district judge.

Those tendered by Stanolind Oil and Gas Company appear to question only the right of Mrs. Emma Weems to assail the oil and gas lease insofar as it affects her asserted community one-half interest in the property. In brief counsel argue: " * * * Mrs. Weems has not alleged any facts which would entitle her to repudiate this mineral sale which she had voluntarily executed in favor of Mrs. Medak, to the prejudice of Stanolind Oil and Gas Company, as the

mineral lessee of her vendee; and that this defendant's exception, as to the action asserted by Mrs. Weems, should have been sustained". There appears to be considerable merit to this argument; however, in view of the judgment on the merits respecting the lease on the mentioned interest of Mrs. Weems and about which she does not now complain, as above shown, the exceptions need not be considered or further discussed.

Under the exceptions of defendant John W. Adkins, assignor of the lease to Stanolind Oil and Gas Company, his counsel point out that the prayer of plaintiffs' petition "does not ask for any relief whatsoever against him." At the same time they state: " * * * in his 'Reasons for Judgment' by which the case was finally disposed of, the trial Judge rendered no judgment whatsoever against this defendant. Likewise, no decree of any kind against this defendant will be found in the judgment as it was finally signed." Under these circumstances there is no necessity for our passing upon the exceptions.

The exceptions of Mrs. Marie Weems Medak, as we appreciate them, are leveled solely at those portions of the petition in which Mrs. Emma Weems makes claim to an undivided one-half interest in the property. The allegations appear to be adequate, for therein are set forth facts which disclose attempted donations omnium bonorum, as to both the land and the mineral rights, in violation of Revised Civil Code Article 1497 which recites that "The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole." In support of the exceptions Mrs. Medak's counsel cite and rely on Jeansonne v. Jeansonne, 187 La. 939, 175 So. 626. No question of a donation omnium bonorum was involved in that cause and, hence, it is without application here.

On the merits defendants originally contended that the land in dispute was the separate property of Mrs. Weems. Apparently, however, they have since abandoned the contention. Be that as it may, Mrs. Weems, having acquired the property during the existence of the community of acquets and gains (and by a credit deed which made no mention of her separate estate), is presumed to have purchased it for the community; and Mrs. Medak and her codefendants have utterly failed to establish facts necessary to overcome this presumption. Houghton v. Hall, 177 La. 237, 148 So. 37; Betz v. Riviere, 211 La. 43, 29 So. 2d 465; Succession of Land, 212 La. 103, 31 So.2d 609; and Johnson v. Johnson, 213 La. 1092, 36 So.2d 396.

■ We consider now the assailed deeds. The first, signed by Mrs. Emma Weems with the authorization of her husband on April 3, 1945, recited a transfer of the land to Mrs. Medak, with reservation of all minerals, for a cash consideration of $900. The second deed, executed by Mrs. Weems on May 4, 1951 (subsequent to the death of her husband), declared a conveyance of the reserved minerals to the same daughter for $90 cash. But, admittedly, no cash was paid by the transferree on the confection of either instrument. Defendants sought to show that the transfers were made as reimbursement for board, lodging and general support, furnished to Mr. and Mrs. Weems by Mrs. Medak and her husband, throughout several years; but they failed in the attempt. The evidence preponderately discloses that while all of those persons did live together during the mentioned period the father and mother supported themselves and took care of their share of the living expenses. Even the defendant daughter testified that the deeds were not executed to pay for what she had done; and the son-in-law stated that Mrs. Weems never owed anything for board, lodging or subsistence—that there was never any agreement or obligation to pay. The transactions, therefore, were donations in disguise.

■ Since the attempted conveyance of the land with reservation of the minerals

was of the mentioned character the plaintiff children, who are forced heirs of the decedent Mr. Weems, could successfully attack it. Revised Civil Code Article 2444. Moreover, the interests of those children in the minerals, inherited from their deceased father, were unaffected by the second attempted donation of Mrs. Weems. They were not parties to the instrument. And it follows that the oil and gas lease granted by Mrs. Medak to John W. Adkins was likewise ineffective with respect to those mineral interests.

■ As to the demand of Mrs. Weems the trial judge found as a fact that by the attempted donations she and her husband were divested of all of their property without a reservation of enough for subsistence. Accordingly, he concluded that the transactions violated Revised Civil Code Article 1497 (above quoted) and were absolutely void insofar as Mrs. Medak is concerned. With such finding and conclusion we agree. It appears from the record that Mr. and Mrs. Weems owned no property other than that involved here, and that when the first attempted donation took place they were on welfare relief receiving therefrom about $35 per month. True, in the first transaction the mineral rights to the land were reserved. But those rights were then of little value, they producing delay rentals

of only $80 per year and the property not being in or near a proven oil and gas field.

In its answer the Stanolind Oil and Gas Company specially pleaded the prescription of ten years as to the mineral reservation contained in the instrument of April 3, 1945. The plea pointed out that there was no exercise of the servitude during such period and recited that, therefore, "any rights of servitude created by the original mineral reservation have reverted to Mrs. Marie Medak, defendant's ultimate lessor, as the owner of the property." Of course, the answer to this recital is that the instrument under which the defendant lessor claimed title was of no force or effect.

While the judgment of the district court recognizes the validity of Stanolind Oil and Gas Company's lease as against the undivided one-half interest of Mrs. Emma Weems (about this she now makes no complaint, as shown above), it fails to give similar recognition as against the undivided one-twelfth interest inherited by Mrs. Marie Medak who granted the lease and is clearly bound thereby. To the extent of this failure the judgment is incorrect.

For the reasons assigned the judgment appealed from is amended by recognizing the validity of Stanolind Oil and Gas Company's lease as against the undivided one-twelfth interest of Mrs. Marie Weems Medak in the property involved; and, as thus amended, the judgment is affirmed.