AYRES, Judge.
The plaintiffs, Mrs. Martha Welch and Mrs. Lucille Johnson, who are, respectively, a child and grandchild of Calvin Fowler and Isabelle Fowler, both deceased, instituted this action against Mrs. Amanda Fowler Courville, also a child of Calvin Fowler and Mrs. Isabelle Fowler, to set aside as null and void the following conveyances :
(1) A dation en paiement from Calvin Fowler to his wife, Isabelle Fowler, dated October 31, 1932, as it conveyed to her a 54-acre tract of land situated in Rapides Parish, Louisiana, and
(2) A sale of the aforesaid property by Mrs. Isabelle Fowler to her daughter, Mrs. Amanda Fowler Courville, as per deed dated September 9, 1949.
The basis of attack upon these instruments of conveyance is that they are not supported by any consideration. Plaintiffs pray that they be annulled and the property returned to the mass of the succession of Calvin and Isabelle Fowler.
• The trial court rejected plaintiffs’ demands on the ground that they had failed to establish that either of the instruments in question was not supported by a valid consideration. From the judgment thus rendered and signed, plaintiffs appealed.
As to the first of these instruments, which is authentic in form, Calvin Fowler acknowledged that he owed his wife as a result of a loan the sum of $1,700, which loan was recited to have been made from her separate and paraphernal funds, which he had used in the general course of his business, and that for the discharge of his obligation as a result of said loan he conveyed said property, together with other lands, to his wife, who accepted the same in full payment of the obligation.
The evidence tendered by plaintiffs to annul this dation en paiement consisted primarily of the testimony of Mrs. Welch, a Mrs. Effie Abbott, and Charlie Reeves, all members of or related to the Fowler family. Plaintiffs first attempted to show that Calvin Fowler, in order to avoid a judgment which might be rendered against him on a bond which he had executed for a salesman for the products of W. T. Raleigh Company, had executed the dation en paiement to his wife merely as a matter of convenience so as to place the property beyond the reach of his creditors and primarily to escape liability under the aforesaid bond. A circumstance which discredits the contention of the plaintiffs in this regard is that Fowler owned a considerable amount of property in both Vernon and Rapides Parishes at the time he executed the dation en paiement. Had it been his purpose to place his property beyond the reach of his creditors, it would appear illogical for him to transfer only a portion of his property to his wife, leaving other valuable tracts of land in his own name and within the reach of his creditors. Therefore, we find no merit in this contention.
Defendant’s evidence that there was a valid consideration for the dation en paiement consists of her testimony and that of her older brother, Seaton Fowler. Her testimony is substantially the same as that *489 of her brother, who testified that he recalled his father stating that he owed his wife $1,700; that she had inherited funds from a deceased brother, and that out of the money thus received she had loaned her husband the $1,700. The testimony further establishes that Mrs. Fowler constantly requested payment of this loan and that her husband’s failure to do so had precipitated such friction between them that Calvin Fowler temporarily left home but subsequently returned and succeeded in re-establishing good relations with his wife by executing the dation en paiement. Seaton Fowler is not shown to be interested in this litigation. He was the oldest child of the family and evidently was in position to know the details of the transaction between his father and mother.
A dation en paiement or giving in payment is an act by which a debtor gives a thing to his creditor, who is willing to-receive it, in payment of a sum which is due (LSA-C.C. Art. 2655), which differs, however, from the ordinary contract of sale in that the latter is perfect by the mere consent of the parties even before delivery, while the giving in payment is consummated by delivery. LSA-C.C. Art. 2656. However, the law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property, (LSA-C.C. Art. 2479) and this is true whether that act be a sale or a dation en paiement. Brown v. Brown, 30 La.Ann. 966; Jaubert v. Quilter, 48 La.Ann. 244, 19 So. 279; Succession of Curtis, 156 La. 243, 100 So. 412; Succession of Dupre, 218 La. 907, 51 So.2d 317; Warden v. Porter, 228 La. 27, 81 So.2d 707.
While no specific contention was made with reference to the delivery of the property under the dation en paiement, we are in accord with the findings of the trial court that all the essentials necessary to a valid dation en paiement by a husband to his wife have been established by the defendant.
Plaintiffs’ action as concerns the validity of the sale from Mrs. Isabelle Fowler to Mrs. Amanda Fowler Courville of the aforesaid property in 1939 for a recited consideration of $1,000 is predicated upon LSA-C.C. Article 2444, which provides i
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
The burden of proof, therefore, is upon plaintiffs to show a want or lack of adequate consideration. They offered no proof whatsoever to sustain this burden. To the contrary, the record establishes that defendant paid to her mother at the time of the execution of the act of sale $500 in cash. Defendant is corroborated by one Claude Curtis, who testified that he loaned to the defendant the sum of $500, which was used as the cash portion of the purchase price. Again, defendant is corroborated by the testimony of her brother, who testified that he was present when the deed from his mother to defendant was executed and that he saw defendant pay his mother $500 in cash. Defendant is further corroborated by her brother, who testified that he knew the remaining $500 of the $1,000' consideration was represented by a loan, which the defendant had made to her mother and father. Plaintiffs produced no evidence to show the value of the 54 acres conveyed. Therefore, they have failed to establish that even the cash payment made at the time the deed was executed was less than one-fourth of the total value of the property.
Weems v. Medak, 231 La. 923, 93 So.2d 217, is inapposite on the facts involved as-it was therein conclusively shown that no.' consideration whatsoever was paid by the defendants for the transfer and, further,. *490 that at the time of the transfer the grantor was left with no other property.
Neither does the proof support plaintiffs’ contention that Mrs. Isabelle Fowler, by the aforesaid act of sale, divested herself of all of her property or that the instrument constituted a donation inter vivos by which the donor was divested of all of her property, reserving insufficient thereof for her subsistence under the pain of nullity of the donation as a whole. LSA-C.C. Art. 1497.
The conclusions reached make it unnecessary to give consideration to defendant's plea of prescription of 10 years filed in this court, based upon LSA-C.C. Articles 3544 and 3547. It may be stated, however, that the plea is inapposite. Article 3547 pertains to prescription as concerns the revival of judgments. Article 3544 applies purely to personal actions and is inapplicable to real actions. Clearly, this is not a personal action as it is brought on behalf of the entire estate to have set aside conveyances of property and the property returned to the mass of the succession. White v. White, 50 La.Ann. 104, 107, 23 So. 95; Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582.
Defendant obviously intended to plead prescription under LSA-C.C. Article 3478, which provides that “He who acquires an immovable in good faith and by just title prescribes for it in ten years.” Her brief so indicates. However, prescription is a special plea and must be specially pleaded. Therefore, prescription, based upon Article 3478, which was not pleaded, cannot be considered.
For these reasons, the judgment rejecting plaintiffs’ demands is, in our opinion, correct and should be affirmed save as to the assessment of costs against appellants, who were authorized to prosecute this action in forma pauperis. LSA-R.S. 13:4525. However, to comply with LSA-R.S. 13 :- 4202, we find it necessary to recast the judgment.
Accordingly, for the reasons herein assigned, it is ordered, adjudged and decreed that the defendant, Mrs. Amanda Fowler Courville, be and she is hereby recognized and decreed the owner, as per dation en paiement from Calvin Fowler to Mrs. Isabelle Fowler dated October 31, 1932, as recorded in Book 186, Page 610, and by that certain deed from Mrs. Isabelle Fowler to Mrs. Amanda Fowler Courville dated September 8, 1939, and recorded in Book 238, Page 631, both of the Conveyance Records of Rapides Parish, Louisiana, of the following described property, to wit:
(a) A certain tract of land, with all buildings and improvements thereon, situate about four miles East of the Town of Le-Compte, on the LeCompte and Red River Road, containing approximately Twenty-seven (27) acres, and more particularly described as follows: Lot No. One (1) of the Partition of the Paul Tassin heirs, containing eighteen (18) acres; also nine (9) acres in Lot No. 2 of the said Partition adjoining Lot No. 1, the whole of which is bounded as follows: South or front by Wilson Bayou; East by the remaining portion of Lot 2, North by property of Edward Randolph, and West by the LeCompte Red River Road, being the same property acquired by Calvin Fowler from Norfleet in Section Fifty-seven (57), Tp. 2, N. R. 1 in Rapides Parish, Louisiana.
(b) Also another tract of land, with all improvements, situated on Wilson Bayou, in the Parish of Rapides, State of Louisiana, more particularly described as follows : Lot No. Three (3) of the Partition of the Paul Tassin heirs, which lot contains eighteen (18) acres; also the East half, of Lot No. 2 of said Partition containing nine (9) acres, the entire tract being Twenty-seven (27) acres, and bounded on the South or front by Wilson Bayou, on the West by property of J. A. Tassin, on the North by property of Edward Randolph, on the East by property of C. D. Edgar, being the same property acquired by Calvin Fowler from Cheek; *491 and that, as recast and amended, the judgment appealed be and it is hereby affirmed save and except appellants are relieved of the payment of court costs, including cost of this appeal.
Amended and affirmed.