**99 So.2d 95**

**Orus R. STEPHENS**

v.

**ANDERSON–DUNHAM, Inc.**

No. 43041.

Jan. 6, 1958.

Rehearing Denied Feb. 10, 1958.

Owen W. Ware, Baton Rouge, for defendant-appellant.

Stafford & Pitts, Alexandria, for plaintiff-appellee.

HAMITER, Justice.

The factual background of the instant litigation is fully set forth in the opinion rendered by us in the consolidated cases of Dunham-Pugh Company, Inc., v. Stephens and Dunham-Stephens Gravel Company, Inc., v. Stephens, 234 La. ——, 99 So.2d 88, to which this cause is a sequel. Described therein is a written contract of date October 30, 1952 whereby this defendant (Anderson-Dunham, Inc., formerly known as Anderson-Dunham Concrete Company, Inc.) agreed to pay to this plaintiff (Orus R. Stephens) a five cent per ton overriding royalty on all materials produced from a rock quarry located near

Winnfield in Winn Parish. On such contract this action is based, plaintiff seeking to recover judgment for accrued royalties from February 1, 1954 to August 1, 1955 amounting to $20,582.92.

In its answer to the petition defendant affirmatively averred that the expressed consideration for the contract here sued on "was primarily services to be rendered in the future by plaintiff to defendant in connection with the promotion and selling of the products mentioned in said agreement" and that "plaintiff has rendered no services of any nature or description to defendant in connection with the sale of the products enumerated in said agreement." It specially pleaded, in other words, a lack or failure of consideration to support its obligation under the contract.

On a trial of the cause plaintiff, over the objection of the defendant, was permitted to introduce evidence to show that the real or true consideration was something other than services performed. Thereafter, judgment was rendered in favor of plaintiff in accordance with his prayer. The defendant is appealing.

In the above referred to consolidated cases, this day decided under appeal No. 42,-652, our holding is that by reason of certain described transactions this plaintiff was and is entitled to receive an overriding royalty of five cents per ton for all materials produced from the Winnfield rock quarry. And the evidence introduced at the trial of the present case discloses that (just as was shown in the aforementioned consolidated cases) the contract here involved constituted merely a novation of a preexisting valid and binding obligation to pay that royalty.

But the defendant contends herein (its sole contention on this appeal) that such evidence was improperly admitted, because it varied the contents of the instant written instrument which expressly recited a consideration of services to be rendered by plaintiff—a recital with which admittedly there was no compliance. The contention is without merit. On innumerable occasions this court has held that, pursuant to the provisions of Revised Civil Code Article 1900, the true consideration for a contract may be proved by parol evidence even though it is different from that recited in the agreement. See Citizens' Bank and Trust Company v. Willis, 183 La. 127, 162 So. 822, Cleveland v. Westmoreland, 191 La. 863, 186 So. 593, Warden v. Porter, 228 La. 27, 81 So.2d 707 and Succession of Bishop, 228 La. 994, 84 So.2d 613.

For the reasons assigned the judgment appealed from is affirmed.

McCALEB, J., concurs in the decree.