FRUGÉ, Judge ad hoc.
This is an action instituted by plaintiff, Mary P. Stewart, to set aside a certain “cash sale” by the plaintiff to Bertheila B. Devall and William S. Devall, defendants-appellants, of a certain parcel of property situated in the Parish of East Baton Rouge, State of Louisiana.
Plaintiff alleges in her petition that she did not receive the $1;000 recited consideration in the act of sale, and that the act of sale was a simulation and a fraud and that at the time of the execution thereof, she believed it to be a will. The defendants answered by way of a general denial. However, in Article 8 of defendants’ answer, defendants aver:
“Defendants admit a true and proper Cash Sale of the property in question herein, setting forth a consideration of $1,000.00 which was executed and the act contained a provision that vendor or petitioner herein retains the right to occupy the premises so long as she shall live.”
At the trial of the case plaintiff testified that the $1,000 consideration was not paid to her by the defendants. Plaintiff then called the defendant Bertheila B. Devall on cross-examination and on cross-examination she. admitted that the $1,000 cash consideration was not ■ paid. This testimony, together with the testimony of other witnesses revealed, in fact, that the $1,000 cash consideration was not paid.
*464 The defendants sought to offer evidence to show consideration other than that recited in the act of sale, particularly that the defendants had made certain repairs to the property which was the true consideration.
When said evidence was sought to be introduced, counsel for plaintiff objected on the grounds that no special defense had been alleged in the answer, which objection was sustained by the trial court. The trial court rendered judgment in favor of plaintiff declaring the sale to be simulated and dissolving the sale from plaintiff to the defendants from which defendants have perfected this appeal to this court.
The issue before this court is whether or not the trial court should have admitted evidence offered to prove the existence of another consideration other than that recited in the act under the circumstances. There is no doubt that under the evidence presented to the trial court that the judgment is correct.
Article 1900 of our Revised Civil Code, LSA- provides:
“If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
Defendants argue this Article and the cases of Landry v. Landry, 40 La.Ann. 229, 3 So. 728 and Warden v. Porter, 228 La. 27, 81 So.2d 707.
This court is in complete agreement with with the principles of law enunciated therein. While the Landry and Warden cases, supra, do not reveal whether or not the defendants in those particular cases pleaded other consideration, we certainly assume that other consideration other than the considerations stated in the deed was expressly pleaded in their answer. This is not the situation in the case before the court. Plaintiff in Article 8 of her petition pleaded that the document “cash sale” actually executed at the time and place was an act of cash sale of the property to the defendant Berthella B. Devall, said act being of date August S, 1946 and recorded the same day in conveyance book 671 at Folio 171 and reciting a consideration of $1,000 and containing a provision that the vendor (petitioner) retains the right to occupy the premises so long as she shall live, which said act was made a part of the petition. In answer to said article 8 of plaintiff’s petition, the defendants admitted a true and proper cash sale of the property setting forth a consideration of $1,000. Defendants allege in their answer, therefore, that the cash sale was executed between the plaintiff and Berthella Devall, one of the defendants, for the true cash consideration of $1,000. The evidence proved otherwise at the trial of the case and now defendants are trying to show another consideration other than the $1,000 cash consideration.
If the defendants had recited in their answer that the $1,000 cash consideration was not paid but that other consideration other than the $1,000 cash was a true consideration, then certainly they would have been offered the opportunity to introduce evidence showing the true consideration under Article 1900 of our Louisiana Civil Code, LSA. However, they have alleged in their answer the $1,000 cash consideration and having been defeated now attempt to show another consideration.
Counsel for defendants further argues that it is not necessary that the other consideration be specially pleaded by the defendants in their answer and cites the cases of Budreaux v. Tucker, 10 La.Ann. 80; State ex rel. Billion v. Bourgeois, 47 La. Ann. 184, 16 So. 655; Barr v. Henderson, 105 La. 691, 30 So. 1S8 and Williams v. Fisher, La.App., 79 So.2d 127. All of these cases annunciate the proposition that special allegations in an answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges. Again, this is not the case at bar, as the defendants allege in their answer the $1,000 cash *465 consideration and, accordingly, those cases are not controlling herein.
For the reasons assigned the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.