LOTTINGER, Judge.
This suit was filed by Eva Graham, widow of Frank Tillison, against the seven children of a prior marriage of said Frank Tillison, seeking to set aside a partition between petitioner and the said children, as well as a judgment of the Lower Court which placed the said children in possession of the property in conformity with the partition deed. Judgment below was rendered in favor of petitioner, and the defendants took a devolutive appeal to the Supreme Court. The matter was transferred to this Court under the change in jurisdiction which went into effect on July 1, 1960.
The petitioner, alleging herself to be the widow of Frank Tillison, who died January 27, 1956, seeks herein to have the Court set aside an act of partition executed between herself and the defendants, as well as a judgment of the Court which placed the defendants in possession of the property which was partitioned. Petitioner claims that the partition deed was invalid for total lack of consideration, and, in the alternative, for reasons of leison beyond moiety, and, in the further alternative, that the partition deed is invalid on account of it having been obtained through misrepresentation on the part of the defendants. There are two parcels of ground which are involved in this suit, same being described as parcels No. 1 and No. 2 in the petition, and which will be similarly referred to herein. Petitioner claims that parcel No. 1 was acquired by her through an act of dation en paiement from Frank Tillison, her deceased husband, and, accordingly, is her separate and paraphernal property. As to parcel No. 2, petitioner claims to be owner of an undivided one-half interest therein by virtue of the community property laws of the State of Louisiana same having been acquired during the marriage between petitioner and her deceased husband.
Defendants, on the other hand, Contend that the partition was valid, however, upon trial of this matter, the parties, by stipulation, had the act of partition annulled and set aside, and, therefore, the question as to the partition is no longer before us. Defendants further contend that the dation en paiement is null and void because of lack of consideration and failure of delivery. They further contend that the marriage of petitioner with Frank Tillison was bigamous on petitioner’s part and produced no civil effects, and therefore the community property laws of the State of Louisiana would not prevail. There are certain credits due each of the parties herein which were decided by the Lower Court and which are not seriously contested here.
After trial below, the Lower Court held the marriage between petitioner and her deceased husband to be a putative one, and held the dation en paiement valid. Accordingly a judgment was rendered decreeing parcel No. 2 to be community property, and petitioner and- defendants each to be owner *524 of an undivided one-half interest therein. The judgment held parcel No. 1 to be the separate and 'paraphernal property of petitioner, and further held the separate estate of petitioner to be indebted to the community in the sum of $1,200, less and except certain credits. From this judgment of the Lower Court, the defendants have taken this appeal.
The record reflects that petitioner was married to Packet Graham on August 12, 1925. No divorce was ever secured by either of these parties. Petitioner and Graham lived together for a period of some nine years when they separated, and she moved to the Town of Covington. During the year 1942, petitioner married Frank Tillison, with whom she lived as man and wife until his death during the year 1956. The petitioner contends that the marriage between herself and Tillison was contracted in good faith on her part, and therefore produced its civil effect in accordance with Article 117 of the LSA-Civil Code. The defendants, on the other hand, contend that petitioner was in bad faith in entering this marriage, and therefore the provisions of said Article 117 would have no effect.
In reaching its decision, the Lower Court considered the fact that petitioner was an illiterate colored woman. The evidence shows that her husband, Packet Graham, entered into a second marriage several years prior to her second marriage to the deceased. Petitioner knew of this second marriage of Graham a number of years prior to her marriage to Tillison. Furthermore, the petitioner claims that prior to the second marriage by Graham she received papers from the State of Mississippi which she believed to be divorce papers, dissolving the marriage between herself and Graham, and which papers she signed and returned to Mississippi. Graham, who was present at the trial, testified that he never secured a divorce from petitioner. Based upon the above evidence, the Lower Court held that petitioner was acting in good faith when she married the deceased, and, therefore, held that this marriage was of a putative nature and produced its civil effects under the provisions of Article 117 of the LSA-Civil Code, and the decision in Succession of Pigg, 228 La. 799, 84 So.2d 196, 197.
In Succession of Pigg the Louisiana Supreme Court stated as follows:
“It is well settled that the good faith referred to in these Articles means an honest and reasonable belief that the marriage was a valid one at the time of its confection. Good faith is presumed and the burden of proving the contrary rests on the party who alleges it. (Cases cited.) Furthermore, if there is any doubt on the issue, it is to be resolved in favor of good faith.”
In view of the above, we believe that the Lower Court was correct in its decision that the marriage was contracted in good faith on the part of the petitioner, and, certainly, the defendants have failed to prove otherwise.
As to the question of the validity of the dation en paiement, which was held valid by the Lower Court, the defendants contend that the burden of proving adequate consideration would be placed upon the petitioner. The contrary was held by the Lower Court.
The said act of dation was filed in the records of this proceeding and is of artthentic form. Article 2236 of the LSA-Civil Code provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
No evidence was introduced by the defendants to show that this dation en paiement was without consideration, and we believe that the burden of showing same was upon the defendants, to prove their allegations. See Welch v. Courville, La.App., 99 So.2d 487. However, the record does show that prior to the marriage between *525 petitioner and Tillison, she had substantial sums of money in her possession, and her testimony is to the effect that she did lend her husband the sum of $1,000, which loan was the recited consideration in the act of dation. We believe, therefore, that the Lower Court was correct in upholding the validity thereof.
As to the contention by defendant that the dation en paiement should be annulled because of lack of delivery, the jurisprudence of this State is to the effect that the law considers the tradition of delivery of immovables as always accompanying the public act, which transfers the property, and this is true whether that act be a sale or a dation en paiement. Welch v. Courville, La.App., 99 So.2d 487.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.
JONES, J., recused.