ELLIS, Judge:
By acts of dation en paiement dated March 29, 1930, and June 14, 1930, Joseph A. Waguespack transferred two oarcels of ground to Judith M. Waguespack, wife of George M. Landry. Mr. Waguespack died in 1943 and his widow, Justine Watkins Waguespack, died in 1964. They left five children: Joseph A. Waguespack, Jr., James A. Waguespack, Felix J. Waguespack, Louis Waguespack and Judith Waguespack Landry. Joseph A. Waguespack, Jr., died in 1969. In 1970, Mrs. Landry transferred the parcel of ground received in the March 29, 1930, dation en paiement to Victor C. Vybiral and Marcel P. Randon.
This suit was filed on December 10,1973. Plaintiffs are Felix Waguespack and James A. Waguespack, who appears individually and as administrator of the successions of his parents and his deceased brother. The *686 petition alleges that the two dations en paiement were simulations, and asks that they be annulled. Alternatively, they ask that the two dations be declared donations in disguise, and that the properties be collated to the successions of the decedents.
The defendants herein are Mrs. Landry, Mr. Vybiral and Mr. Randon. Louis Wag-uespack is not a party to the suit. All filed exceptions of prescription of five, ten and thirty years. After a hearing at which no evidence was received, judgment was rendered sustaining the exceptions and dismissing plaintiffs’ suit. Prom the judgment of dismissal, plaintiffs have appealed.
It is settled law that the action en declaration de simulation is imprescriptible. Article 2239, Civil Code; Smelley v. Ricks, 174 La. 734, 141 So. 445 (1932); Schalaida v. Gonzales, 174 La. 907, 142 So. 123 (1932); Pounds v. Yancey, 224 So.2d 1 (La.App. 1st Cir. 1969). The exception of prescription should have been overruled as to the main demand.
The action for collation prescribes in ten years from the death of the person to whose estate collation is sought. Article 3544, Civil Code; Successions of Webre, 247 La. 461, 172 So.2d 285 (1965); Pounds v. Yancey, supra. If, therefore, there should be a finding that the dations en paiement were, in fact, donations in disguise and that collation was due, prescription would have run as to the succession of Joseph A. Waguespack, who died in 1943, but not as to the Succession of Mrs. Waguespack, who died in 1964.
Defendants Vybiral and Randon argue in this court that the petition states no cause of action as to them, since they are innocent third party purchasers, against whom the action in simulation will not lie. They have filed no pleadings to that effect in either court, and did not appeal from the judgment herein, nor answer plaintiffs’ appeal. We cannot, therefore, consider their argument.
Except as to the alternative demand for collation to the Succession of Joseph A. Waguespack, the judgment appealed from is reversed and set aside, and the case remanded to the trial court for future proceedings in accordance with law. Defendants are granted 15 days from the date this judgment becomes final to file their answers. All costs of this appeal shall be paid by defendants, with all other costs to await final disposition of the case on its merits.
REVERSED AND REMANDED.