EDWARDS, Judge.
On January 19,1977, James Thomas Wall, et al. (defendants), filed a notice of Lis Pendens concerning 124 acres of property owned by their sister, Hazel Wall McCurley, a co-heir. McCurley had bought the property from her parents, J.T. Wall and Mary Jane Wall, who died respectively on May 1, 1965, and September 15, 1976.
McCurley filed suit against the defendants to remove the notice of Lis Pendens, to which defendants answered and filed a re-conventional demand on August 26, 1977. Additionally, defendants opened the succession of Mary Jane Wall, J.T. Wall, Robert *781 Wall, Lonzo Wall and Breed Wall. McCur-ley’s suit and the succession proceedings were subsequently consolidated.
In their reconventional demand, defendants alleged that the sale of the 124 acres from J.T. Wall and Mary Jane Wall to Hazel Wall McCurley was actually a disguised donation. The trial court agreed, finding the disputed sale to be a disguised donation and therefore void.
McCurley appealed, and for the first time urged that under La.Civ.C. art. 3544, the action for collation of the one-half community interest of J.T. Wall had prescribed by the lapse of ten years from decedent’s death on May 1, 1965. The appellate court remanded the case for a hearing on the exception of prescription.
After a hearing, the trial court upheld the peremptory exception of prescription and declared McCurley the owner of J.T. Wall’s one-half interest in the 124 acres. Defendants have taken this present appeal, urging that the trial court erred in applying the 10-year prescription of La.Civ.C. art. 3544 to collation.
PRESCRIPTION OF COLLATION ACTION
Defendants contend that the proper prescription for the action of collation is the 30-year period of La.Civ.C. art. 3548 or 1305. To support their contention, defendants rely on La.Civ.C. art.(s) 1234, 1250, 1252, 1261, 1304, 1266-67, 1273, 1283-88, 1275, and the cases of White v. White, 23 So. 95 (La.1898) and Welch v. Courville, 99 So.2d 487 (La.App. 2nd Cir.1957).
However, the cited code articles offer no support to defendants’ arguments, said articles being either totally irrelevant or misconstrued by counsel. Likewise, the White case does not involve a collation situation and the cited portion of Welch in defendants’ brief is dicta.
As pointed out in appellee’s brief, the cases of Succession of Webre, 247 La. 461, 172 So.2d 285 (1965) and Waguespack v. Waguespack, 359 So.2d 685 (La.App.1st Cir.1978) clearly hold that under La.Civ.C. art. 3544 “the action for collation prescribes in ten years from the death of the person to whose estate collation is sought.” Wagues-pack, supra, at 686. In this case, J.T. Wall died May 1, 1965. The notice of Lis Pen-dens (filed January 19, 1977), reconventional demand and succession of J.T. Wall (filed August 26, 1977) were all filed more than ten years after the death of J.T. Wall. Thus, the trial court was correct in holding that the collation action had prescribed, and in declaring Hazel Wall McCurley the owner of J.T. Wall’s one-half community interest in the 124 acres.
DECREE
For the above assigned reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.