615 So.2d 1109 (1993)
HIBERNIA NATIONAL BANK
v.
CONTINENTAL MARBLE AND GRANITE COMPANY, INC., et al.
No. 92-CA-871.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
*1110 Patrick Johnson, Jr., Elizabeth W. Magner, Thomas M. Benjamin, Lemle & Kelleher, New Orleans, for plaintiff-appellant.
Leonard A. Washofsky, Metairie, for defendant-plaintiff-in-reconvention-appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal concerns a dation en paiement. From the trial court's judgment recognizing defendant Doyle Coulon's judicial mortgage against defendant Continental Marble and Granite Company, Inc. (Continental), Hibernia National Bank (Hibernia) appeals. We affirm.

ISSUES
We are called upon to determine two specific questions:
(1) Whether the trial court erred in upholding the validity of the dation en paiement (dation) between Hibernia and Continental, and
(2) Whether the trial court erred in holding Hibernia's collateral mortgages on the subject immovable property were extinguished by confusion as the result of the dation.

FACTS
The facts are basically undisputed.
From 1982 to 1984, Hibernia lent Continental various sums of money, evidenced by 12 promissory notes. As a part of the security therefor, Continental granted Hibernia two collateral mortgages on certain movable and immovable property owned by Continental. In 1987, Continental, because it experienced difficulties paying its debt to Hibernia, entered into a partial dation with Hibernia. In consideration for its agreement to relieve Continental of part of the financial obligations owed, Hibernia bargained to receive from Continental the transfer, conveyance, and delivery of certain movable and immovable property "free from any lien, mortgage or encumbrance whatsoever" other than the two mortgages in favor of Hibernia. The parties (Hibernia and Continental) executed the dation on August 3, 1987. Hibernia recorded the dation in the conveyance records in Jefferson Parish at 10:50 a.m. on August 5, 1987. It is undisputed by either party that, at the time the dation was executed, no liens, mortgages, or other encumbrances were recorded against the immovable property other than Hibernia's two collateral mortgages. Unbeknownst to either party, at 10:01 a.m. on August 5, 1987, shortly before Hibernia recorded the dation, defendant Doyle Coulon recorded a civil judgment in Jefferson Parish against Continental.

ANALYSISISSUE ONE
Hibernia claims the dation must fail because of errors in consent and cause since it bargained to receive the immovable property free and clear of all encumbrances and did not do so because Coulon recorded his judgment before Hibernia recorded the executed dation. We turn to our Civil Code, which addresses error to vitiate consent to a contract. La.C.C. arts. 1949 and 1950 read, respectively, as follows:
Art. 1949. Error vitiates consent
Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.
Art. 1950. Error that concerns cause
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.
The record shows that, prior to the execution of the dation, a title search was conducted, which revealed no recorded encumbrances of any kind on the immovable. It is also undisputed there were no recorded but undiscovered encumbrances, either. *1111 Ergo, at the moment of the dation's execution, on August 3, 1987, the property was in fact absolutely free and clear of any encumbrances, except for Hibernia's two collateral mortgages. Therefore, initially, the record shows no error of any kind existing at the moment of the dation's execution.
Hibernia also argues that the dation became effective upon recordation, and since a recorded encumbrance existed at the time of the dation's recordation, error occurred to render the dation void ab initio. However, according to the law and jurisprudence, a dation, like a sale of movable property, is effective between the parties from the moment of delivery, which accompanies the execution of the public act. Quality Finance Co. of Donaldsonville, Inc. v. Bourque, 315 So.2d 656 (La. 1975); Jaubert v. Quilter, 48 La.Ann. 244, 19 So. 279 (La.1896); Bordes v. Bordes, 297 So.2d 512 (La.App. 4th Cir.1974), writ refused, 302 So.2d 13 (La.1974); Quinette v. Delhommer, 146 So.2d 491 (La.App. 4th Cir.1962); Greco v. Millano, 13 Or.App. 134 (1916). As between the parties to an act effecting the transfer of an immovable, effectiveness of the transaction does not depend upon the act's recordation in the public records. The law clearly provides that the transaction was complete and effective between the parties the moment it was executed, on August 3, 1987.
The law also provides these same transactions effecting the transfer of immovable property are effective as to third persons from the time of recordation, not execution. La.R.S. 9:2721, R.S. 9:2726, McDuffie v. Walker, 125 La. 152, 51 So. 100 (La.1909). Hibernia argues that the parties intended the dation to be effective between them on recordation, not on the execution of the dation as the law provides. However, the dation contains no language providing for such a result. Therefore, by operation of law, the dation became effective between Hibernia and Continental at the moment the act was executed, not the later moment of its recordation in the public records. As it is undisputed that no encumbrances existed at the moment of execution, as a matter of law no error existed to nullify the dation. Likewise, Hibernia agrees that there is no suggestion of bad faith on behalf of either party to the contract. Therefore, Hibernia's argument has no merit.
Finally, Hibernia argues that the day and one-half between the execution of the dation and its recordation was reasonable, and therefore should function as some retroactive error to vitiate the contract. They proffered testimony to the effect that a great majority of dations in Jefferson Parish are recorded 48 hours or more after their execution. While Hibernia might be correct in asserting the reasonableness of its actions, the argument is irrelevant in light of our public records doctrine. "[I]n this state[,] registry is not a mere matter of notice alone, but a matter of public policy upon a `most important property right'; and that considerations of equity cannot prevail against it." State ex rel. Hebert v. Recorder of Mortgages, 175 La. 94, 143 So. 15, 17 (La.1932). The day and one-half between the dation's execution and recordation, while it might be reasonable, still functions as a window in time during which the purchaser risks that someone may file an encumbrance against the immovable. On the facts presented, it is clear no error existed at the time of the dation's execution to render it void ab initio and that Coulon's judgment must be recognized and follows the immovable into Hibernia's hands.

ANALYSISISSUE TWO
Hibernia claims the trial court erred in holding Hibernia's mortgages were extinguished by confusion when Hibernia did not receive unencumbered title to the immovable as bargained.
The Civil Code articles concerning confusion read as follows:
Art. 1903. Union of qualities of obligee and obligor
When the qualities of the obligee and obligor are united in the same person, the obligation is extinguished by confusion.
Art. 3411. Methods of extinction
Art. 3411. Mortgages are extinguished:

*1112 1. By the extinction of the thing mortgaged.
2. By the creditor acquiring the ownership of the thing mortgaged.
3. By the extinction of the mortgagor's right.
4. By the extinction of the debt, for which the mortgage was given.
5. By the creditor renouncing the mortgage.
6. By prescription.
In light of our finding regarding the initial issue, we commonsensibly conclude that when the dation was executed, Hibernia, the creditor, received unconditioned ownership of the property. Thus, by operation of law, the two collateral mortgages were extinguished by confusion.
For the reasons assigned the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.