233 So.2d 557

**SEALY REALTY COMPANY, Inc.**

v.

**Joe BRANGATO.**

**No. 49947.**

March 30, 1970.

C. P. Brocato, Shreveport, for respondent.

Wiener, Weiss & Wiener, Jacques L. Wiener, Jr., Shreveport, for applicant.

McCALEB, Justice.

This is a suit by a licensed real estate agent to recover a commission of $1,290 allegedly due by the defendant on an exclusive agency listing contract. On January 11, 1967 defendant, Joe Brangato, the owner of a lot on Line Avenue in Shreveport, Louisiana, entered into a written agreement with plaintiff, Sealy Realty Company, Inc. employing it as exclusive agent for a period of six months to find a buyer for his property for the price of $25,000. Under this contract defendant agreed to pay a 6% commission on the selling price to $100,000 in the event of a sale or an exchange of said real property by the agent or any other agent or person, including the owner, while the contract is in force.

On April 7, 1967, while the contract was in force, defendant executed a cash sale deed in favor of one Lemuel Sliman for a recited consideration of $21,500. Plaintiff then made demand for payment of a commission which defendant refused to pay, claiming the transaction was not actually a sale as the lot was transferred to Sliman as security for a loan of $21,500.

After a trial, the judge rejected defendant's contention that the sale was only a pignorative contract or a sale reserving the right of redemption. He concluded that, even if the sale was conditional, the redemption period of one year expired on April 7, 1968 without the property being

returned to the vendor and, hence, the sale was complete and the commission is due.

On appeal to the Court of Appeal, Second Circuit, the judgment was reversed, by a two to one vote, and plaintiff's demand rejected at its costs.

The Court of Appeal stated in its opinion:

"The only written evidence of the agreement between Brangato and Sliman is a cash sale deed. This deed itself does not contain any reservation of redemption in Brangato's favor. No counterletters or other written agreements have been presented which bear on the issue. The only evidence of the nature of the contract between Brangato and Sliman consists of oral testimony."

The court then reviewed the oral testimony and made the following finding of fact: On March 30, 1967 Brangato telephoned Jack Rogers of plaintiff corporation telling him that he was in need of money and, therefore, had made an agreement with Sliman whereby the latter would lend him money on the lot and, in consideration thereof, Brangato was to have a year in which to redeem the property; that the property was still for sale and that, in the event plaintiff could find a buyer, he could still convey the property notwithstanding the proposed transfer as the transaction was merely a security device. Accordingly, the proceeds of the loan, $21,500,

were to be given Brangato, who was to have one year in which to redeem. Sliman testified that when the proceeds of the loan were given to Brangato he retained control of the property; that he was obligated for taxes and expenses and also had the right to sell it when he wished for an amount in excess of $21,500. After the expiration of a year, however, the property if unredeemed belonged to Sliman.

Based on this parol evidence and, further, finding as a fact that Brangato did not deliver possession of the lot to Sliman, the majority opinion of the Court of Appeal resolved that the transfer was a sale with the right of redemption (venté a rémére), which transactions " * * * have been consistently treated by the courts of this state as pignorative contracts or security devices if the vendor has remained in possession." See Sealy Realty Company v. Brangato, La.App., 222 So.2d 620.

On application of plaintiff, we granted certiorari and the case has been argued and submitted for our decision by plaintiff's counsel.[1]

Counsel for plaintiff herein take serious issue with the Court of Appeal's ruling on many grounds. They declare:

(1) That the court erred in holding that the understanding between Brangato and Sliman constituted a right of redemption;

---

1. Counsel for defendant did not argue or file a brief in this Court.

(2) That, even though the arrangement could be thus classified, it was error to conclude that such an unwritten and unrecorded act could have legal effect to the prejudice of a third party, and that plaintiff, even though it is only claiming a commission on the sale, must be regarded as a third party;

(3) That the court erred in finding that Brangato proved the existence of a right of redemption and proved that he had exercised possession of the lot after transfer of title to Sliman;

(4) That, even if it could be said that Brangato proved the sale to be one with a right of redemption, it was error to conclude that the transaction was not a "sale" in fact and law and in contemplation of the listing contract fully translative of title at the time of the deed and merely subject to dissolution by a resolutory condition of redemption or repurchase; and

(5) That, even if Brangato proved the understanding with Sliman to be a sale with the right of redemption and, also, that Brangato remained in possession of the property, the court nevertheless erred in resolving that the transaction was not a sale for purposes of the listing contract when the purported one-year period expired without Brangato having exercised his right of redemption.

■ Although we have given consideration to all the assignments of error listed in counsel's brief and the oral argument in support thereof, we do not believe the case warrants determination of the various contentions set forth above. Suffice it to say that, assuming (without deciding) that parol evidence was admissible to contradict the recitals of the authentic act between defendant and Sliman, and also assuming (without deciding) that the parol evidence establishes that a valid sale with right of redemption existed between the parties, we agree with the view of the trial judge that, after a year had elapsed without defendant exercising the right, Sliman's title to the property conveyed by the deed of April 7, 1967 became unassailable, as he became irrevocably possessed of the thing sold as provided by Article 2570 of the Civil Code. For a sale with the right of redemption is nonetheless a real sale. After the lapse of the redemptory period without the exercise of the equity of redemption, the conveyance is as complete and absolute as though the right had not been reserved. Harper v. Citizens' Bank, 51 La.Ann. 511, 25 So. 466; Brooks v. Broussard, 136 La. 380, 67 So. 65; and Coddou v. Gros, 235 La. 25, 102 So.2d 480, and cases there cited.

■■ Albeit the Court of Appeal opinion does not clearly explain, it was evidently the majority view of the court that, since the parol agreement between Brangato

and Sliman was not an outright sale but one with a right of redemption, Sliman did not secure title to the property because Brangato had one year to redeem it by refunding the price or at a time after the exclusive listing contract had expired. But this deduction is incorrect because, as shown in the above-cited cases, a sale containing a right of redemption transfers title, and the fruits of the property belong to the vendee until the vendor exercises his right of redemption. See Article 2575 of the Civil Code. The sale is subject, however, to a resolutory condition which, if it is exercised, operates the revocation of the obligation. It does not suspend; the dissolving condition only obligates the vendee to restore all he has received in case the event provided for in the condition takes place. See Article 2045 of the Civil Code.

Thus, the sale to Sliman, during the period of the exclusive listing contract, entitled plaintiff to recovery of a commission notwithstanding that, had Brangato exercised his right of redemption, he might have avoided liability (a question not presented for decision here).

For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside, and that of the district court is reinstated and affirmed at defendant's costs.