BOUTALL, Judge.
This is an appeal from an adverse judgment rendered against plaintiffs in a peti-tory action. Suit was brought by the heirs and surviving widow of Marcel Joseph Bordes against the heirs of Paul Bordes seeking to set aside a notarial act of dation en paiement from Marcel J. Bordes to Paul Bordes, and to declare plaintiffs the owners of the real estate involved.
The facts are that on January 10, 1921, Mrs. Marie Saune Bordes purchased a vacant portion of ground in Jefferson Parish *514 from several sellers for $3500. On May 4, 1921, Mrs. Bordes gave a mortgage to Paul Bordes for $4,000 on the same property, evidenced by a promissory note in that amount payable on or before five years after date to the order of herself and by her endorsed.
On July 20, 1928 Mrs. Bordes sold the property to her son, Marcel J. Bordes for $7,000 on terms of $2,000 cash and a promissory note for $5,000 payable in one year. This note was evidently a completely new note and the promissory note of May 4, 1921 for $4,000 is not mentioned in this act. There is no mention of assumption of the mortgage which existed on the property nor are there any mortgage certificates attached to the act to indicate same. The record does not contain the cancelled note for $5,000 described in this act, but does contain the $4,000 note dated May 4, 1921. There is no paraph on the latter note to indicate an assumption.
On December 31, 1931, Paul Bordes reinscribed the mortgage of May 4, 1921. On April 24, 1933, Josephine Ernst, wife of Marcel Bordes, filed an affidavit in the Jefferson Parish Mortgage Office stating that her husband is indebted to her for money she advanced to him acquired from the Succession of her mother.
On July 6, 1937, Marcel Bordes executed an authentic act of dation en paiement before Nirma Keenan, Notary Public for the Parish of Orleans, transferring the subject real estate Square 3, on a plan by W. H. Williams, Surveyor, dated April 27 1854, (fronting 300' on Labarre Road) to Paul Bordes. In this act Marcel Bordes declares that the property is encumbered with the mortgage originally granted by his mother on May 4, 1921, and the note now amounts to $6,200, which includes interest. He states that he has not paid this note and he makes this dation to relieve himself of all liability for the note and the mortgage. Paul Bordes accepts the property and releases the original mortgage, and Mrs. Josephine Ernst Bordes, Marcel’s wife, intervenes in the act to release her affidavit of indebtedness. The act of dation further recites:
“It is well understood and agreed as a consideration of this dation en paiement and sale that the said Marcel Bordes, his heirs or assigns shall have the right and privilege to re-acquire said property from the said Paul Bordes for the consideration of Six thousand two hundred and no/100 ($6,200.00) Dollars, cash, said right to re-purchase and re-acquire being granted for a period of twelve (12) months from this date.”
The record and the evidence do not show that the property was ever redeemed.
Marcel J. Bordes died on August 9, 1959 leaving Josephine Ernst Bordes as his surviving widow, and several children, all of whom are the plaintiffs and appellants herein. Paul Bordes died in 1966 and did not leave any forced heirs. However he left a will and the legatees therein have been placed in possession, and these persons are the defendants and appellees. .
On January 21, 1970, the widow and heirs of Marcel Bordes filed a petitory action alleging basically the above facts. They contend that the promissory mortgage note of May 4, 1921 had prescribed under the five year prescription set out in Louisiana Civil Code 3540, prior to the execution of the dation en paiement. They further contend that there was no consideration for the dation because the note for which the dation was made was never the obligation of Marcel Bordes, and hence there was no valid transfer of title for want of consideration. By supplemental petition, they further contend that the right to redeem the property was reserved to Marcel Bordes, and hence no absolute delivery of the property to Paul Bordes was made, and that delivery is an essential of a dation en paiement. For these reasons they contend that the act of dation en paiement is absolutely null, and they are the present owners. There are a number of other issues which they have presented *515 to us, however, because of our resolution of this case on the issue of the validity of the act of dation en paiement, we find it unnecessary to set them forth herein.
As opposed to this, the defendants-appellants contend that the act is perfectly valid, there was adequate consideration paid, and that alternatively Paul Bordes had full possession of the property from the date of the dation until his death, and that they have continued such possession to date. They therefore plead ownership by acquisitive prescription of ten years under Louisiana Civil Code Article 3478 and thirty years under Louisiana Civil Code Article 3499.
There were a number of exceptions and a motion for summary judgment which were filed in this case, but the matter finally came before the court for trial on the merits, and judgment was rendered in favor of the defendants upholding the validity of the act of dation en paiement, recognizing the heirs of Paul Bordes to be the true owners.
We agree with the judgment of the trial court upholding the validity of the Act of Dation en Paiement.
The evidence presented on the trial consists of stipulations between the parties, the introduction of documentary evidence, and the deposition of Mrs. Josephine Ernst Bordes subject to objections made on trial. Basically the plaintiffs rely upon the documentary evidence to show lack of consideration. As noted above, the sale to Marcel Bordes does not contain an assumption of mortgage by him, and the mortgage note of $4,000 contains no notations indicating payment from May 4, 1926 forward. Plaintiffs reason from these documents that the obligation was never that of Marcel Bordes, and in any event, it had prescribed before the dation was made by virtue of the prescription of five years stated in Louisiana Civil Code Article 3540.
The mere fact that a promissory note contains no notations as to payment does not conclusively prove that prescription has run. There are numerous other ways in which prescription may be interrupted. In this regard, we refer to the reverse side of the note which contains endorsements by the maker on several later dates. There is no inscription however which might show that these later endorsements were acknowledgments of the debt, although we may speculate that this was some sort of attempt at acknowledgment. The problem in regard to this prescriptive period is that the parties conversant with the facts have long since died, and there is no opportunity to elicit their testimony, and no documentary evidence has been offered, or is known to be in existence, that may show interruption or acknowledgment. The only testimony available is testimony in connection with the debt itself as set out in the deposition of'Marcel Bordes’ widow.
However we do not find it necessary to decide whether the promissory note has prescribed, because the facts and the law disclose sufficient consideration for the dation en paiement as we shall now point out.
First we refer to the deposition of Marcel’s widow, Mrs. Josephine Bordes. She testified that the debt was not really that of Marie Saune Bordes, who owned the property, but actually a debt of Marcel Bordes. Marcel was operating a dairy business on the property owned by his mother, and he borrowed the $4,000 from Paul Bordes for the purpose of building a barn in connection with the dairy business. After operating the business for a number of years, the business did not prosper and it was necessai'y for Marcel to sell it. Because of the economic depression which took place at that time, Marcel was never able to get enough money to pay off the debt to Paul, and transferred the property to Paul in payment.
Although this testimony was objected to as inadmissible, it was admitted by the trial judge, and we believe it to be properly admitted.
*516 "Civil Code Article 1900 states:
"If the cause expressed in the consideration (contract) should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
* * * * * *
“In Cleveland v. Westmoreland, 191 La. 863, 873, 186 So. 593, 596, La.S.Ct. (1939) the Court said:
“According to Article 1900 of the Civil Code, if the cause or consideration stated in the contract is not the true cause or consideration for which the contract was made, the party may then show the existence of other legal and sufficient cause to uphold the contract.”
* * * * *
“In Hale v. Fornea, 79 So.2d 124, 126, First Circ. (La.App.1955) the Court held that:
“The real and true consideration to support a contractual obligation may always be shown by parol evidence, even though the consideration may be different than that expressed in the act, (cites authorities), although such parol evidence might not be admissible to defeat the validity of the contract.”
“See also Elrod v. LeNy, 193 So.2d 299 (La.App.1966) and Sutton v. Cuppay, [La.App.] 41 So.2d 106.
“The plaintiffs rely heavily on Civil Code Article 2276 to show that parol evidence should never be admitted to vary the terms of an authentic act. The distinction that should be made is that the parol evidence here does not vary the terms of the Dation, rather it upholds its terms. According to the very terms of the Dation En Paiement, Marcel Bordes unequivocally acknowledged that he owed a debt (Note & Mortgage) to Paul Bordes and conveyed the property in question in satisfaction of his debt.”
We quote the following from the Act of Dation en Paiement:
“PERSONALLY CAME AND APPEARED :
“MARCEL BORDES, of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, who declared that by an act of sale passed before Walter G. Wedig, Notary Public, on the 20th day of July, 1928, duly registered in the Conveyance Office for the Parish of Jefferson, Louisiana, in Book 95 folio 609, he purchased from Mrs. Marie Saune, widow of Alexander Bordes, the hereinafter described property; that the said property hereinafter described is incumbered with a mortgage granted by Mrs. Marie Saune, widow of Alexander Bordes, in favor of Paul Bordes, under date of May 4th, 1921, in the original sum of Four thousand ($4,000.00) Dollars, in representation of which amount the said Mrs. Marie Saune, widow of Alexander Bordes, made and executed a certain promissory note, dated New Orleans, La., May 4th, 1921, for the said sum of Four Thousand ($4,000.00) Dollars, payable on or before' five years after date, with interest thereon at the rate of five (5%) per cent, per annum from date until paid, interest payable annually, — which said note, with interest thereon, now amounts to Six thousand two hundred ($6,200.00) Dollars. That the said Marcel Bordes has failed and neglected to pay and satisfy the said note and interest, and that the said Marcel Bordes now desires to release and relieve himself of said obligation to the said Paul Bordes, and to pay and satisfy said indebtedness in the manner hereinafter set forth: * * *”
The evidence thus presented convinces us that sufficient consideration existed for the dation en paiement. Regardless of whether the note had in fact prescribed, Marcel Bordes acknowledged the existence of a debt and this constituted *517 sufficient consideration for the act. L.C.C. Article 1758 provides that a natural obligation still subsists, although the civil obligation is extinguished when an action is barred by prescription. Article 1759 specifically provides that a natural obligation is a sufficient consideration for a new contract. The original obligation was recognized both by Marcel Bordes and his wife, and its continuance as a natural obligation is sufficient to support the consideration necessary in this dation.
Appellants contend further that the act of dation en paiement is invalid because the redemptive period of one year provided in the dation was contrary to the essential requirement of delivery which must accompany an act of dation en paiement, relying upon the case of Miller v. Miller, 234 La. 883, 102 So.2d 52 (1957). We do not find the Miller case appropriate here. In Miller, the contract was voided because it was ruled a prohibited contract between husband and wife. That ruling is restricted to its own facts, which do not pertain here.
Louisiana Civil Code Article 2655 defines a dation en paiement as follows:
“Art. 2655. Giving in payment, definition
“Art. 2655. The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.”
Civil Code Article 2656 distinguishes a sale from a dation thus :
“Art. 2656. Delivery essential to a giving in payment
“Art. 2656. That giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving ini payment is made only by delivery.”
The jurisprudence of this State has consistently and unequivocally held that the requirement of delivery, as regards an immovable, is satisfied by the execution of the public act, whether the act is a sale or a dation en paiement. Coddou v. Gros, 235 La. 25, 102 So.2d 480 (1958); Succession of Curtis, 156 La. 243, 100 So. 412 (1924); Tillison v. Tillison, 129 So.2d 522 (La.App. 1st Cir. 1961); Welch v. Courville, 99 So.2d 487 (La.App. 2d Cir. 1957). Thus there is no legal distinction between a sale or a dation en paiement insofar as the legal significance of delivery of immovable property.
In respect to the redemptive clause contained in the dation, we refer to the decision in Sealy Realty Company v. Brangato, 255 La. 898, 233 So.2d 557 (1970), wherein the court held that a redemptive clause is a classic example of a resolutory condition and that title vests immediately in the transferee. In this connection, we hasten to point out two vital factors: (1) The redemptive clause was never exercised in this case; and (2) It is stipulated that upon the passage of the act of dation, Paul Bordes took immediate corporeal possession which he continued to exercise. Thus, not only was delivery effected legally by the transfer of title, but it was effected in fact.
Although, because of our holding above, it may constitute simply dicta, we are constrained to point out that Paul Bordes exercised corporeal possession of the property until his death more than twenty-eight years later, and that no one had raised an attack upon the act of dation. Marcel Bordes lived for more than twenty years after the act, and certainly his heirs are in no better position than he was. We refer to the case of Succession of Nelson, consolidated with Nelson v. Weigand, 224 La. 731, 70 So.2d 665 (1953). In that case the Supreme Court held inter alia, that where the vendors permitted ten years to elapse from the date of sale and from date of dation en paiement without taking action to nullify or rescind such instruments because of inadequacy of consideration, their forced heirs were precluded from attacking *518 the instruments by way of nullity or rescission.
The basis of this holding is the prescription of 4 years provided in L.C.C. Articles 1861, 1876 and 2595 relative to rescission for lesion, and the prescription of lO^years provided in L.C.C. Article 2221 relative to nullity or rescission of general agreements or contracts. We believe the rationale of that case to be dispositive of the questions further presented to us by appellants.
For the reasons above discussed, we are of the opinion that the judgment of the trial court was correct, and we affirm that judgment at appellants’ cost.
Affirmed.