BEER, Judge.
On September 21, 1967, defendant-appel-lee, Jack Perry borrowed $150,000 from the Bank of New Orleans and Trust Company, (hereafter, BNO) and executed a promissory note, payable on demand, in that amount. Commensurate therewith, John F. Austin, Jr., plaintiff-appellant, executed a separate continuing guarantee agreement in favor of BNO.
Perry defaulted on the note and Austin was called by BNO under the continuing guarantee agreement. In response, Austin executed a promissory note in favor of BNO on August 6, 1970 in the amount of $150,000. BNO then endorsed Perry’s original note to Austin without recourse.
On September 10, 1974 Austin sued Perry on the original note (dated September 21, 1967) in Civil District Court for the Parish of Orleans. Perry filed an exception of prescription and Austin amended his petition to allege that defendant had obtained a loan in August, 1969, part of the proceeds of which had been used to pay interest on the note sued upon thereby keeping it current, at least to that date, insofar as prescription was concerned. From a judgment maintaining the exception, plaintiff-appellant appeals.
The only testimony offered at the hearing on the exception was that of defendant, Perry. He acknowledged execution of the original note in favor of BNO for $150,000 on September 21, 1967 and acknowledged that Austin signed a continuing guarantee in connection therewith.
He admitted that he made no payments on the note, notwithstanding repeated calls from the president of BNO, Mr. Merrigan, relative to making payments.
He then executed a note for $48,500 in favor of BNO on August 16, 1969 and acknowledges that these new funds, held in escrow by BNO, were used to pay the interest on several notes including the one of September 21, 1967 in the amount of $150,000.
On its face the promissory note of September 21, 1967 had prescribed on September 10, 1974 when this suit was filed.[1] Thus, plaintiff-appellant clearly had the burden, on the basis of these dates, to allege and stand ready to prove such interruption of prescription as would indicate that the note was fully current, at least as of September 10, 1969. See: Lake Providence Equipment Company v. Tallulah Prod. Credit Ass’n, 228 So.2d 315 (La.App. 2nd Cir. 1969).
On August 16, 1969 (approximately twenty-five days short of the September 10, 1969 date above noted), Perry borrowed $48,500 from BNO and specifically agreed that the proceeds from that loan were to be applied in such a way as to make and keep the interest payments cur *724 rent on, among others, the note of September 21, 1967 in the amount of $150,000. Perry had “several notes over there” (at BNO); and admits that the proceeds from the $48,500 loan were earmarked by he and BNO “to keep the interest on those notes current.” He acknowledges that “those notes” did “include the promissory note for $150,000 which forms the basis of this suit.”
Perry’s own testimony convinces us that the note of September 21, 1967 was certainly current, with respect to interest payments, as of August 16, 1969.
Was anything done subsequent to August 16, 1969 to keep the note current at least until September 10, 1969?
Turning again to Perry’s own testimony we find evidence of his acknowledgement that the proceeds of the $48,500 loan would continue to be applied by BNO to keep the notes (including the one that is the subject matter of this litigation) current. Perry acknowledges that BNO has his authorization to apply the proceeds of the $48,500 loan to “any note” and “all notes” that BNO held in any manner that they “saw fit to do” in order to maintain the currency of those notes. The record is barren with respect to any indication that the note which is the subject matter of this litigation was treated differently then any of Perry’s other outstanding notes with BNO. We deem it reasonable to conclude, under these circumstances, that the interest payments on the $150,000 note were maintained in a current status by the use of the proceeds from the $48,500 note at least until September 10, 1969. This conclusion is bolstered by the evidence in the record which indicates that the date (August 6, 1970) that Austin assumed full financial obligation for the original note in his capacity as guarantor, the interest was then current since the total amount assumed was only the face amount of the note.[2]
If Perry had evidence of any other allocation of interest payments inconsistent with or contrary to this conclusion, then the burden was on him to adduce such evidence in view of his own acknowledgement of the procedures noted above. The fact that a BNO official, who was present in court in response to a subpoena duces tec-um for certain of BNO’s records, was not called as a witness is no more or less damning to one party’s position than the other’s. If BNO’s records were supportive of Perry’s counsel’s articulate contentions regarding prescription, then such evidence could have been placed in the record by him. The record clearly shows that both counsel not only knew that the BNO representative and the BNO records were in court in response to a subpoena duces tec-um but each had an opportunity to review those records notwithstanding the fact that the subpoena had been originally issued by counsel for plaintiff-appellant, Austin.
Likewise, the lack of inscriptions on the note with respect to interest payments is non-conclusive. See: Bordes v. Bordes, 297 So.2d 512 (La.App. 4th Cir. 1974).
We find that the affirmative allegations of appellant’s amended petition, coupled with the evidence adduced at the hearing on the exception are sufficient to overrule the exception of prescription. Accordingly, the trial court’s judgment sustaining the exception of prescription is reversed. The exception is overruled. The case is remanded for further proceeding not inconsistent with this judgment. Cost of this appeal are taxed against appellee.

Reversed and remanded.

. LSA-C.C. Article 3540.

. One might theorize that the $48,500 note was but an agreement to extend maturity of the earlier notes to such time as $48,500 would pay prior interest. The result would be the same.