WATKINS, Judge.
The issues presented by this appeal are: (1) whether prescription of a promissory note was interrupted by partial payment; (2) whether various acts of a usufructuary amounted to renunciations of the usufruct; and (3) whether a unilateral, partial renunciation was permissible absent court order. The first issue of interruption of prescription was purely factual, and we will not disturb the trial court’s decision. Second, because the Louisiana Civil Code provides that a renunciation of usufruct must be express and written, we hold that a usu-fructuary must reduce to writing his clear intent to renounce the usufruct. Finally, we hold that a court order is unnecessary to effectuate a partial renunciation if the partial renunciation is acquiesced in by the naked owner.
On March 20, 1977, Cecilia Roccaforte Malone died intestate. She was survived by her spouse, Bernard L. Malone, Sr., and her only child, Bernard L. Malone, Jr. A judgment of possession dated May 3, 1977, put decedent’s son in possession as naked owner of decedent’s net estate and confirmed decedent’s surviving spouse as usu-fructuary.
The usufruct of Bernard L. Malone, Sr. over the property inherited by his son ended with the death of the usufructuary on June 28, 1987.
Mr. Malone, Sr. died testate. Rosalie Parrino and Bernard L. Malone, III were *522 named co-executors in his testament, and they qualified as such. The co-executors filed a sworn, detailed descriptive list. They included as an asset of the estate a promissory note made by Bernard L. Malone, Jr. and his wife in favor of his father, the decedent. The note in the amount of $17,500.00 bearing interest at the rate of twelve (12%) percent was dated November 16,1979. The co-executors did not list as a liability of the estate the value of consumables and nonconsumables which were inherited by Bernard L. Malone, Jr. from his mother.
Bernard L. Malone, Jr. filed two rules in his father’s succession proceeding with which we are concerned on appeal. The first was a rule to traverse the descriptive list by striking the promissory note on the ground that it had prescribed. The co-executors defended the rule on the basis of interruption of prescription by alleged payment of interest in 1984. The second rule filed by Mr. Malone, Jr. sought to have himself recognized as a creditor of the succession of his father.
The trial court ruled in favor of Bernard L. Malone, Jr., striking the note from the list of assets and listing the mover as a creditor of the succession in the amount of $114,165.95. The executrix, Ms. Parrino, has appealed. The appellee answered the appeal, seeking to have the judgment which awarded him legal interest on the $114,165.95 from the date of judicial demand amended to provide for interest from the date of death of the testator/usufructu-ary.
PRESCRIPTION
The promissory note of Mr. and Mrs. Malone, Jr., dated November 16, 1979, was prescribed on its face at the time of trial in 1989. See LSA-C.C. art. 3498 (five-year liberative prescription for a promissory note). The party attempting to collect on the note, namely the executrix, had the burden of proof that prescription had been interrupted or suspended. See Austin v. Perry, 325 So.2d 722 (La.App. 4th Cir.), writ denied, 329 So.2d 466 (La.1976). In an attempt to satisfy her burden, the executrix introduced evidence of two payments made by Mr. Malone, Jr. to Mr. Malone, Sr. in 1984. However, there was no evidence to connect the two payments with the promissory note. Furthermore, the unre-futed testimony of Mr. Malone, Jr. satisfactorily explained the nature of these two payments and negated any possibility of an inference being drawn that prescription had been interrupted or suspended by payment. Accordingly, we find no error in the ruling of the trial court.
PROPERTY SUBJECT TO USUFRUCT
The principles applicable to the usufruct of consumable things are stated in LSA-C.C. art. 538, as follows:
If the things subject to the usufruct are consumables, the usufructuary becomes owner of them. He may consume, alienate, or encumber them as he sees fit.. At the termination of the usufruct he is bound to pay to the naked owner either the value that the things had at the commencement of the usufruct or deliver to him things of the same quantity and quality.
This type of usufruct is explained further in the “Comments” to Article 538, which provide in part:
The usufruct of consumables is a real right that may be established for a limited duration only. The usufructuary acquires the ownership of the property subject to the usufruct, and, therefore, he is free to dispose of it as he sees fit, subject to certain obligations prescribed by law. The ownership of the usufructuary does not terminate with the usufruct; upon termination of the right, the usufructu-ary or his heirs, as the case may be, are merely under obligation to account to the naked owner.
The judgment of possession in the Succession of Cecilia Roccaforte Malone was rendered pursuant to a detailed descriptive list dated April 29, 1977. All of the assets on the list were community assets; the debts were divided into community debts and separate debts. Although the detailed descriptive list from Cecilia Roccaforte Malone’s succession was evidence in Mr. Malone’s succession that was highly relevant to a determination of what property was due the naked owner by the usufructuary’s estate, some adjustments to the list of as *523 sets and debts were necessary to reflect various transactions which transpired between the dates of death of the two spouses.[1]
After the hearing on the motions filed by Mr. Malone, Jr. in his father’s succession proceeding, the trial judge determined that the naked owner was due $114,165.95 from the succession of the usufructuary. Although we find that the record supports the conclusion by the trial court that Mr. Malone, Jr. carried his burden of proof that he was a creditor of his father’s succession, we also find that there is merit to a portion of appellant’s argument and that the amount of the judgment should be reduced accordingly.
Appellee has provided us with the analysis that he provided to the trial court,, as follows:
Value of consumables and non-consumables before taxes, etc. from the
succession of Cecilia Malone.$118,944.36
Advance rentals stipulated to.5,601.93
Funeral expenses uncontested.2,200.00
TOTAL $126,746.29
Less 12,580.34 [2]
NET $114,165.95
Appellant apparently accepts the amount of $114,165.95 as a starting point, but she argues that the following amounts should be deducted from that figure:
1. An attorney’s fee listed as a debt in the detailed descriptive list in the Succession of Cecilia Roccaforte Malone ... $ 5,872.41
2. Louisiana inheritance tax paid on the estate of Cecilia Roccaforte Malone... $ 2,641.47
3. A note owed by Mr. Malone, Jr. to his mother’s estate.$ 6,250.00
4. Federal estate tax paid on the estate of Cecilia Roccaforte Malone.$17,615.16
5. Cash advanced by Mr. Malone, Sr. to appellee and his wife to pay off a mortgage on their home.$40,803.59
6. Value of real property transferred by Mr. Malone, Sr. to appellee and his wife.$32,626.28
7. Cash advanced by Mr. Malone, Sr. to appellee and his wife for a down payment on purchase of real property.. .$20,000.00
NO. 1. One of the separate debts listed in the detailed descriptive list of Cecilia Roccaforte Malone’s succession was an attorney’s fee of $5,872.41, but Mr. Malone, Jr.’s unrefuted testimony was that the debt never existed. Nevertheless, we find that the trial court erred in deleting this debt from the mother’s succession. As mentioned previously, the judgment of possession in the Succession of Cecilia Roccaforte Malone was rendered pursuant to the detailed descriptive list. Mr. Malone, Jr. acquiesced in that judgment without objection, and at this later date he cannot avoid an item included in a final judgment. The trial court should not have considered any evidence offered to vary this item of the detailed descriptive list. We will amend the judgment to give the estate credit for the attorney’s fee of $5,872.41.
NO. 2. Similarly, we hold that the estate of Mr. Malone, Sr. does not have to account for the $2,641.47 paid to the State of Louisiana for inheritance taxes because the judgment of possession was rendered pursuant to that payment. Accordingly, we amend the trial court judgment to delete the amount of $2,641.47.
NO. 3. Item number 17 of the community property in the detailed descriptive list of Cecilia Roccaforte Malone’s succession was a note by B.L. Malone, Jr. in the amount of $12,500.00, representing a debt owed by the son to the father and mother. When Cecilia Roccaforte Malone died and the half of the note belonging to her was inherited by Mr. Malone, Jr. as naked owner, the debt was extinguished. “When the *524 qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion.” LSA-C.C. art. 1903. Thus, Mr. Malone, Sr.’s estate is not accountable to Mr. Malone, Jr. for the $6,250.00 item listed on the detailed descriptive list of Cecilia Roccaforte Malone’s succession. Consequently, the trial court erred in including this amount in the property of the estate subject to Mr. Malone’s claim. Accordingly, we amend the trial court judgment to delete the amount of $6,250.00 from the amount awarded to Mr. Malone, Jr.
RELINQUISHMENT OF USUFRUCT
Louisiana Civil Code article 626 provides that a “usufruct terminates by an express written renunciation.” Appellant claims that Mr. Malone, Sr. relinquished his usu-fruct over the following amounts: $17,-615.16 in estate taxes paid to the federal government; $40,803.59 cash to appellee and his wife to pay off a mortgage; $32,-626.28 value from a transfer of a piece of real property to appellee and his wife; $20,-000.00 cash to appellee and his wife.
NOS. 4, 5 and 6. We find no merit in appellant’s argument that Mr. Malone, Sr. relinquished his usufruct over the estate taxes, the cash for the mortgage, and the value of the real property. The record is devoid of evidence of a written relinquishment of these items. Consequently, the executrix failed to prove that Mr. Malone, Sr. satisfied the requirements of LSA-C.C. art. 626, and the estate is not entitled to a credit for them.
NO. 7. Contrarily, there is a written relinquishment of the $20,000.00, and we hold that the trial court erred in not giving the estate credit for this amount.
Citing LSA-C.C. art. 582, appellee argues that no credit is due the estate because the article prevents the partial relinquishment of usufruct by unilateral act and that a court order was necessary. Article 582 provides:
The usufructuary may release himself from the obligation to make repairs by abandoning the usufruct or, with the approval of the court, a portion thereof, even if the owner has instituted suit to compel him to make repairs or bear the expenses of them, and even if the usu-fructuary has been cast in judgment.
He may not release himself from the charges of the enjoyment during the period of his possession, nor from accountability for the damages that he, or persons for whom he is responsible, may have caused.
The underlying principle of the prohibition of the partial relinquishment of usufruct is protection of the naked owner’s interests. The codal provision prevents the usufructuary from avoiding burdensome repairs on a portion of the property while maintaining the more lucrative parts for his'use and enjoyment. Our reading of the article leaves serious doubt in our minds as to the legislative intent to limit the usu-fructuary’s ability to partially relinquish the usufruct of cash. Regardless, in cases such as the instant one, where the naked owner not only acquiesces in the relinquishment but benefits therefrom, it would be anomalous to allow him to deny the effectiveness of the written relinquishment. Consequently, we amend the trial court judgment to allow the estate credit for $20,000.00 relinquished by the usufructu-ary.
Finally, we find it unnecessary and inappropriate to discuss whether interest, if any, is due from the date of judicial demand as awarded by the trial court or from the date of death of the testator, as claimed by Mr. Malone, Jr. As noted previously, Mr. Malone answered the appeal to urge this error on the part of the trial court. However, Mr. Malone failed to brief the assigned error, and we consider the issue abandoned. See Uniform Rules 2-12.4.
Accordingly, we amend the trial court judgment to reduce the principal amount in Mr. Malone Jr.’s favor from $114,165.95 to $79,402.07 (representing a total reduction of $34,763.88, which is the sum of $5,872.41, $2,641.47, $6,250.00, and $20,-000.00). We cast Mr. Malone Jr. for costs of this appeal.
*525 AMENDED, AND AS AMENDED AFFIRMED.
CARTER, J., concurs in part and dissents in part with reasons.

. For example, Mr. Malone, Jr. testified that item number 1 in the list of community property had been sold. He also testified that item number 5 in the list of community debts, a note to Fidelity National Bank, was paid with the proceeds of the sale. According to Mr. Malone, Jr., the transaction was a break-even one. However, a comparison of the asset with the debt reveals that Mr. Malone, Jr. is conceding a difference in favor of the estate of $1,250.00.

. Mr. Malone, Jr. conceded that the following amounts totalling $12,580.34 should be deducted from the amount due him:
$6,410.13 — Payment by the estate since the date of death on account of Malone, Jr.’s one-half (½) interest in the immov-ables.
$3,241.76 — Funeral expenses of Cecilia Malone.
$ 925.95 — One-half (½) of community debts owed by Estate of Cecilia Malone.
$ 752.50 — Decline in value from succession amount in the sale of the Lincoln.
$1,250.00 — Decline in value from succession amount in the sale of the motor home.